IN THE COUNTY COURT IN & FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ESPANA,            :   CASE NO. 14-003826-CC-05
                           :
    Plaintiff,            :
                           :
vs.                        :
                           :
MILLER's ALE HOUSE,        :
INC.,                      :
                           :
    Defendant.            :   **SUMMONS**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091:**

    Registered Agent:   **CT Corporation System**
                                  1200 S. Pine Island Rd.
                                  Plantation, FL 33324

    If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

    **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

    1.   The president or vice president, or other head of the corporation; and/or in his or her absence;

    2.   The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

1

**EXHIBIT**
**Composite**
**A**

3.  Any director; and in the absence of all of the above; or

4.  Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

> McGUINNESS & GONZALEZ, P.A.
> Counsel for Plaintiff
> 1627 S.W. 37th Ave., Suite 100
> Miami, Florida 33145
> Tel No.: (305) 448-9557
> Fax No.: (305) 448-9559
> ljmpalaw@netzero.com

Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON **MAR 2 6 2014**_____, 2014.

Clerk of the Court
**SHADREKA FLOWERS**

By:_____
as Deputy Clerk

IN THE COUNTY COURT IN & FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ESPANA,      :    CASE NO. 14-003826-CC-05
                     :
     Plaintiff,      :
                     :
vs.                  :
                     :
MILLER's ALE HOUSE,  :
INC.,                :
                     :
     Defendant.      :    COMPLAINT
_____/

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 .U.S.C. §201 et seq. (the "FLSA") against Defendant (hereinafter referred to as the "Employer") for minimum wage violations of the FLSA and retaliation.

A. INTRODUCTION TO MINIMUM WAGE VIOLATIONS

2. From 2/03/12 through 12/20/13, Plaintiff worked for the Employer in Miami-Dade County, Florida in its restaurant in the position of a Bartender. Plaintiff was a covered employee for purposes of the FLSA. Plaintiff's claim for damages exceeds $5,000.00 but does not exceed $15,000.00, exclusive of interests, costs and fees.

3. Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

1

a.  The Employer paid Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

b.  Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees and the Employer required that Servers pay out excessive amounts of their tips;

c.  The Employer required that the Servers perform non-tipped work, including training and classes, for free. Moreover, Plaintiff and the Servers work off the clock based on the Employer's management instructions to clock out or being clocked out by such managers;

d.  The Employer required that Plaintiff and the Servers purchase and maintain work uniforms which reduce their hourly wage below the reduced minimum wage;

e.  The Employer deducts walk-outs, breakage, food/drink errors, etc., from Plaintiff and the Servers which reduce their hourly wage below the reduced minimum wage;

f.  The Employer took illegal tip deductions from Plaintiff and the Servers in violation of the FLSA;

g.  The Employer failed to pay Plaintiff and the Servers for all of their actual work time in violation of the FLSA; and

h.  The Employer failed to account for all of Plaintiff's and the Servers' work hours to avoid having to pay them their hourly pay.

4.  The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employees two or more employees engaged in interstate commerce. Moreover, Defendant's employees, including Plaintiff, handled, sold, or

otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.).

5. The Employer is a corporation doing business in Miami-Dade County, Florida and within the jurisdiction of this Court. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

6. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

### C. VENUE & JURISDICTION

7.. This action is brought by Plaintiff to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiff requests injunctive relief as provided by the FLSA against the Employer.

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9. By reason of his employment with the Employer, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce. Specifically, for every shift that Plaintiff worked for the Employer, he dealt with credit card transactions going over state lines from customers, he served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and he served food and food related products (e.g., ketchup, napkins, salt, pepper, etc.) that came from other states. As such, based on the above, PLAINTIFF WAS ENGAGED IN INTERSTATE COMMERCE OR THE PRODUCTION OF GOODS FOR COMMERCE.

10. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

11. Plaintiff readopts and realleges all allegations contained in ¶¶1-10 above.

12. The Employer failed to comply with §3(m) of the FLSA, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff, who should be paid no less than $4.25 per hour in direct wages by the Employer while receiving tips and no less than $7.25 per hour when not receiving tips, for the reasons alleged at ¶3 which resulted in a minimum wage violation.

13. In short, the Employer had and has a policy and practice of requiring that Plaintiff work off the clock or for free to increase its profitability at the expense of Plaintiff and the Servers.

14. As a result of the Employer's acts as described at ¶¶ 3 and 13 above, Plaintiff's hourly wages were reduced below the applicable minimum wage in violation of the FLSA and/or the Employer violated the Act's minimum wage provisions.

15. Plaintiff is entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work and/or

5

in training.

16. As a result of the Employer's acts as described above, Plaintiff's hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

17. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff in accordance with the FLSA.

18. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff has suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Employer for payment of all of his hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST THE EMPLOYER

19. Plaintiff readopts and reallege the allegations contained in ¶¶ 1-10 above.

20. Just before the Employer fired Plaintiff, Plaintiff complained to the Employer's management about its minimum wage violations as provided at ¶3 above.

21. Based on Plaintiff's complaint as provided at ¶20, the Employer retaliated against Plaintiff by firing him.

22. Based on ¶¶ 20-21, the Employer violated 29 U.S.C. §215(a)(3) causing Plaintiff damages and Plaintiff is entitled to liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3) for his damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## JURY DEMAND

Plaintiff demands a jury trial for Counts I & II.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com


s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

8